IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YURIDIA TRUJILLO, on behalf of plaintiff and a class, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| ASSET RECOVERY SOLUTIONS, LLC, | ) ) ) |
| Defendant. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff (Ms.) Yuridia Trujillo brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Asset Recovery Solutions, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to

1

enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

8. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff Yuridia Trujillo within this District;

   b. Defendant is headquartered within this District.

## PARTIES

9. Yuridia Trujillo is an individual who resides in Chicago, Illinois.

10. Asset Recovery Solutions, LLC is a limited liability company chartered under Illinois law with its principal place of business at 2200 E. Devon Ave., Suite 200, Des Plaines, IL 60018. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

11. Asset Recovery Solutions, LLC seeks to collect on defaulted consumer debts that were originally owed to others, using the mail, telephone and electronic wire services to do so, all in the general course of trade and commerce.

12. Asset Recovery Solutions, LLC states on its web site that it "is a full service asset recovery management company that is committed to establishing unmatched standards of performance. ARS is a strategic partner to many of the largest credit issuers in the country. We offer a full range of solutions across a vast array of asset classes that includes credit cards, student loans, consumer loan, automotive and retail." (http://www.assetrecoverysolutions.com/)

13. Asset Recovery Solutions, LLC has extensive student loan collection business from Sallie Mae/ Navient ("Sallie Mae"). Its chief executive officer was formerly an executive at Sallie Mae.

14. Defendant is a "debt collector" as that term is defined in 15 U.S.C. §1692a.

## FACTS

15. Defendant has been seeking to collect from plaintiff on behalf of Sallie Mae at least seven alleged private student loan debts, each of which was incurred for personal, family or household purposes.

16. On or about February 6, 2017, Asset Recovery Solutions, LLC sent plaintiff Yuridia Trujillo seven similar letters, each offering to settle a different student loan debt. Copies of these letters are attached as Exhibits A-G.

17. On information and belief, the letter represented by Exhibits A-G is a form letter that Asset Recovery Solutions, LLC uses for the purpose of settling student loan debts.

18. Suit on each of the seven loans was barred by the five year Illinois statute of limitations, 735 ILCS 5/13-205.

19. No payment had been made on the loans for more than five years.

20. On information and belief, Sallie Mae had declared the loans in default no later than 2010.

21. Each of the seven loans resulted from a transaction with Sallie Mae in which:

    a. The borrower applied for a loan in a certain amount;

    b. The only document signed was an application;

    c. The application stated that it was not an agreement to lend money;

    d. The application stated that the loan could be approved, or not, or in an amount other than that requested;

    e. The borrower would be provided with a notice advising of the terms approved, which notice did not require a signature by the borrower;

    f.  The application stated that the borrower could accept the terms approved, or not;

    g.  The application stated that the borrower agreed to repay such sums as were disbursed;

    h.  The repayment terms were to be established by the notice sent to the borrower or later agreement; and

    i.  After the loan was approved, no note promising to pay a sum certain on specified terms was executed.

  22.  An example of the loan application is in Exhibit H. On information and belief, there is a similar document for each of plaintiff's seven loans, and for each loan to a member of the class described below.

  23.  An example of the notice sent to advise the borrower that a loan had been approved is in Exhibit I. On information and belief, there is a similar document for each of plaintiff's seven loans, and for each loan to a member of the class described below.

  24.  The documents in Exhibit H and I are standard forms.

  25.  It was the policy and practice of Sallie Mae to make private student loans based on such documentation, with the features described above.

  26.  Such documentation results in a contract not wholly in writing governed by the five year Illinois statute of limitations, 735 ILCS 5/13-205. *Brown v. Goodman,* 147 Ill.App.3d 935, 940, 498 N.E.2d 854 (1st Dist. 1986); *Portfolio Acquisitions, LLC v. Feltman*, 391 Ill. App. 3d 642; 909 N.E.2d 876 (1st Dist. 2009).

  27.  Asset Recovery Solutions, LLC is familiar with the documentation used by Sallie Mae, as its chief executive officer was formerly employed by Sallie Mae.

  28.  Exhibits A-G do not disclose that the debt was no longer judicially enforceable.

  29.  Consumers often do not realize that the statute of limitations may bar a private student loan debt. (There is no statute of limitations applicable to many federal student loan

debts.)

30. Plaintiff did not realize that the loans were barred by the statute of limitation until she retained counsel and spent time and money.

31. Defendant regularly attempts to collect private student loan debts on which the statute of limitations has expired.

32. Defendant regularly sends letters in the form of Exhibits A-G on private student loan debts on which the statute of limitations has expired.

### COUNT I – FDCPA

33. Plaintiff incorporates paragraphs 1-32.

34. Exhibits A-G imply, by offering a settlement, that the alleged debt is judicially enforceable.

35. Nothing in Exhibits A-G disclosed that the debts were barred by the statute of limitations or not judicially enforceable.

36. It is the policy and practice of defendant to send and cause the sending of letters seeking to collect time-barred private student loan debts that do not disclose that the debt is time-barred.

37. The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm)

38. In early 2012, the FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D. Fla.).

39. On October 1, 2012, the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were time-barred. 2012-CFPB-0002; 2012-CFPB-0003; 2012-CFPB-0004. The orders require that "the Bank shall continue to provide disclosures concerning the expiration of the Bank's litigation rights when collecting debt that is barred by the applicable state statutes of limitations . . . ." (2012-CFPB-0002, p. 6 of 35, 2012-CFPB-0003, p. 5 of 28).

40. On January 30, 2013, the FTC issued its report, *The Structure and Practices of the Debt Buying Industry*, available at http://www.ftc.gov/os/2013/01/ debtbuyingreport.pdf. The report reaffirms its position in the *United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), *American Express Centurion Bank* (FDIC-12-315b, FDIC-12-316k, 2012-CFPB-0002), *American Express Bank, FSB* (2012-CFPB-0003) and *American Express Travel Company, Inc.* (2012-CFPB-0004) cases, that a defendant may violate the FDCPA by sending a collection letter demanding payment of a time barred debt without disclosing that the debt was time barred.

41. The report cites to a study (Timothy E. Goldsmith & Natalie Martin, *Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time-Barred Debts?*, 64 Consumer Fin. L.Q. Rep. 372 (2010)) that establishes the disclosure that a debt is time barred in a debt collection letter is material to the consumer.

42. Courts have also held that the offer of a settlement or similar implication that a time-barred debt is legally enforceable is misleading. *McMahon v. LVNV, LLC*, 744 F.3d 1010 (7th Cir. 2014); *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 511 (5th Cir. 2016); *Buchanan v. Northland Group, Inc.*, 776 F.3d 393 (6th Cir. 2015).

43. Defendant engaged in unfair and deceptive acts and practices, in violation of 15

U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by sending consumers letters in the form represented by Exhibits A-G seeking to collect time-barred private student loan debts without disclosure of that fact.

44. Section 1692e provides:

> **§ 1692e.    False or misleading representations [Section 807 of P.L.]**
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> **(2)** The false representation of--
>
> **(A)** the character, amount, or legal status of any debt; . . .
>
> **(5)** The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .
>
> **(10)** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

45. Section 1692f provides:

> **§ 1692f.    Unfair practices [Section 808 of P.L.]**
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .

## CLASS ALLEGATIONS

46. Plaintiff bring this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

47. The class consists of (a) all individuals with Illinois addresses (b) to whom Asset Recovery Solutions, LLC (c) sent a letter in the form of Exhibits A-G (d) to collect a private student loan debt (e) originated by Sallie Mae, directly or through an associated bank, (f) on which the last payment or date of default (whichever is later) had occurred more than 5 years prior to the letter, (g) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

48. On information and belief, based on the use of form documents and the extent of Sallie Mae's private student loan business, the class is so numerous that joinder of all members is not practicable.

49. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Exhibits A-G violate the FDCPA.

50. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

51. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

52. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendant for:

    i. Statutory damages for plaintiff of $1,000 per loan;

    ii. Statutory damages to the class of 1% of defendant's net worth;

    iii. Actual damages, including all amounts paid on time-barred debts by class members;

    iv. Attorney's fees, litigation expenses and costs of suit;

    v. Such other and further relief as the Court deems proper.

### COUNT II – FDCPA

53. Plaintiff incorporates paragraphs 1-32.

54. Two of the seven loans were cosigned by plaintiff's sister.

55. During the last year, defendant communicated with plaintiff's sister demanding payment of loans that she did not cosign.

56. Defendant thereby violated 15 U.S.C. §1692c(b).

57. Plaintiff was harassed and upset by the attempt to collect her debt from her sister when her sister was not responsible.

58. Section 1692c(b) provides:

**(b) Communication with third parties**

**Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

i. Statutory damages for plaintiff of $1,000 for each loan that was the subject of an improper communication;

ii. Actual damages;

iii. Attorney's fees, litigation expenses and costs of suit;

iv. Such other and further relief as the Court deems proper.


        s/Daniel A. Edelman
        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Emiliya Gumin Farbstein
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)

Email address for service: courtecl@edcombs.com

10

## NOTICE OF LIEN AND ASSIGNMENT

      Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                            s/Daniel A. Edelman
                                            Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)