IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **Yurida Trujillo, on behalf of herself and a class,** )<br>Plaintiff, )<br>)<br>v. )<br>)<br>**Asset Recovery Solutions, LLC,** )<br>Defendant. ) | **Case. No. 17 C 2303**<br><br>**Judge Ronald A. Guzmán** |

# MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendant's motion to dismiss Count I [37] is granted.

## STATEMENT

Asset Recovery Solutions, LLC ("ARS") collects defaulted consumer debts that were originally owed to others; in particular, it has an extensive student loan collection business. (Compl., Dkt. # 1, ¶¶ 11-13.) On or about February 6, 2017, ARS sent Plaintiff seven similar letters, each offering to settle a different student loan debt. (*Id*. ¶ 16.) No payment on the loans has been made in over five years. (*Id*. ¶ 19.) Plaintiff alleges that the loans, while documented, are not written contracts and therefore are subject only to a five-year statute of limitations, which had expired at the time ARS sent the collection letters to Plaintiff. (*Id*. ¶¶ 21-26.) As such, Plaintiff alleges in Count I that the letters ARS sent to Plaintiff violated the Fair Debt Collection Practices Act ("FDCPA") because they do not disclose that the debts are no longer judicially enforceable given that the limitations period had expired. (*Id*. ¶¶ 44-45; *see Eul v. Transworld Sys.*, No. 15 C 7755, 2017 WL 1178537, at *8 (N.D. Ill. Mar. 30, 2017) ("In this Circuit, filing a time-barred debt collection lawsuit, in and of itself, violates this prohibition [of the FDCPA against false, deceptive, or misleading representations] because such a suit falsely implies that the debt collector has legal recourse to collect the debt."). ARS contends that Plaintiff's loans are subject to a ten-year statute of limitations; thus, Count I must be dismissed because, as a matter of law, an enforceable debt existed at the time the letters were sent.

"Under section 13–206 of the Illinois Code of Civil Procedure . . . , the applicable statute of limitations for a written contract is ten years." *Kaplan v. JPMorgan Chase Bank, N.A.*, No. 14 C 5720, 2015 WL 2358240, at *10 (N.D. Ill. May 12, 2015) (citing 735 Ill. Comp. Stat. 5/13–206. However, as noted by the Illinois Appellate Court, "[s]ection 13–206 is a general, catch-all statute that applies not only to written contracts but also to actions on bonds, bills of exchange, promissory notes, written leases and *other evidences of indebtedness*." *Cont'l Cas. Co. v. Am. Nat. Bank and Trust Co. Of Chi*., 768 N.E.2d 352, 363 (Ill. App. Ct. 2002) (emphasis added).

ARS asserts that even if not a written contract, the relevant documents constitute "other evidences of indebtedness" and thus the applicable statute of limitations is ten years. *See In re Estate of Garrett*, 322 N.E.2d 213, 216 (Ill. App. Ct. 1975) ("*If the language of a writing may fairly be construed to contain a promise to pay money*, or if the instrument states a fact from which the law implies an obligation to pay and there is no need to resort to parol evidence in order to establish any essential elements of the agreement forming the basis of the action, the instrument is within [section 13–206] founded upon 'evidences of indebtedness in writing'") (alteration and emphasis added). "The essential elements or terms of a promise to pay are: (1) the parties to the agreement, (2) the nature of the transaction, (3) the amount in question, and (4) at least a reasonable implication of an intention to repay the debt." *Kranzler v. Saltzman*, 942 N.E.2d 722, 726 (Ill. App. Ct. 2011).

Notably, Plaintiff does not respond to this particular argument and focuses only on whether the Promissory Note and TILA disclosure constitute a written contract; therefore, Plaintiff has waived her right to proceed on this claim. *Jones v. Connors*, No. 11 C 8276, 2012 WL 4361500, at *7 (N.D. Ill. Sept. 20, 2012) ("A party's failure to respond to arguments the opposing party makes in a motion to dismiss operates as a waiver or forfeiture of the claim and an abandonment of any argument against dismissing the claim."). Even if the Court were to consider the argument, the Court would grant ARS's motion on the merits. As noted by ARS, the Promissory Note identifies the parties and the nature of the transaction, the TILA disclosure details the amount in question, and the Promissory Note includes Plaintiff's express certification: "I promise to pay the lender or any other holder of this loan all sums disbursed under the terms of the Promissory Note . . . ." (Def.'s Mem. Support Mot. Dismiss, Dkt. # 37, Ex. 1 at 1, 2 and Ex. 2 at 2.)

Plaintiff's contention that the Promissory Note does not incorporate the TILA disclosure is unpersuasive. "For a contract to incorporate all or part of another document by reference, the reference must show an intention to incorporate the document and make it part of the contract." *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 736 (7th Cir. 2002). Here, the Promissory Note expressly states that any reference to "Disclosure" means the "Truth in Lending Disclosure that will be sent at the time of [Plaintiff's] first disbursement [from the lender] and which is hereby incorporated into this Note." (Def.'s Mem. Support Mot. Dismiss, Ex. 1, Dkt. # 37-2, at Page 4 of 6, B.6.) "When the contract incorporates a specific document by name, both parties are on notice and are bound by the terms of that document." *188 LLC,* 300 F.3d at 737; *see also Eul*, 2017 WL 1178537, at *10 (finding the statement in a student loan credit agreement that the "'Disclosure Statement is part of this Credit Agreement' . . . . plainly evinces an intention to incorporate by reference, rendering the Disclosure Statement 'as much a part of' the Credit Agreement as if the Disclosure Statement had been physically a part of it.") (citation omitted).

Nor does Plaintiff's assertion that the incorporation fails because the Disclosure document did not exist at the time she signed the Promissory Note alter this Court's conclusion. The cases cited by Plaintiff in support of her contention, *Hoffman v. Sumner*, 05 C 7114, 2008 WL 597589, at *6 (N.D. Ill. 2008) and *Wagner v. Clauson*, 78 N.E.2d 203 (Ill. 1948), are distinguishable. In *Hoffman*, the court noted simply that a contract that references documents

not in existence requires parol evidence to understand the intent of the parties. *See Hoffman*, 2008 WL 597589, at *6. Parol evidence, however, is not required here given that the Disclosure contains the amount loaned. *Eul*, 2017 WL 1178537, at *10 (noting that "the amount actually loaned is in writing and does not require parol evidence to ascertain"). With respect to *Wagner*, that court addressed whether a separate memorandum that was executed several days after a will was incorporated into the will. The *Wagner* court noted that "under certain conditions a separate writing may become a part of the will, if properly identified, and *this constitutes no evasion of the statute on wills, requiring an attested writing*. . . ." *Wagner*, 78 N.E.2d at 206-07 (emphasis added). The Court is not persuaded that a rule applicable to wills, which must meet certain statutory requirements to be valid so as to "give affect to the testator's intention and avoid intestacy," is transferrable generally to contracts. *In re Estate of Phelan*, 874 N.E.2d 185, 195 (Ill. App. Ct. 2007).

Accordingly, because the Court finds that the Promissory Note and Disclosure are an evidence of indebtedness, the ten-year statute of limitations applies and ARS did not seek to collect a judicially unenforceable debt in violation of the FDCPA. Thus, the Court grants ARS's motion to dismiss Count I.

**Date**: August 9, 2017

_____
**Ronald A. Guzmán**
**United States District Judge**